IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOM BYWATERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:04-CV-1195-N |
| | § | |
| SOUTHERN METHODIST UNIVERSITY, | § | |
| | § | |
| Defendant. | § | |

## **ORDER**

Before the Court is Defendant Southern Methodist University's ("SMU") Motion for Summary Judgment, filed on August 2, 2005. Because Plaintiff Tom Bywaters failed to provide probative evidence that SMU's proffered reason for dismissing him was pretextual, the Court grants the motion.

### I. FACTUAL BACKGROUND

Bywaters is a former visiting nontenured associate professor and senior lecturer at SMU. In September 2002, the faculty of the Division of Cinema-Television considered converting his nontenure track position into a tenure track position. In early October 2002, the Department of Cinema-Television announced that two tenure track positions would be available for the fall semester of 2003, one of which resulted from the conversion of the nontenure track position.

Tenure track positions differ from nontenure lecturer positions. Lecturer positions involve the classroom aspect of teaching; tenure track positions, in contrast, require an

ORDER – PAGE 1

ongoing work product of original research or, in this fine arts field, creative work product in order ultimately to receive tenure. In seeking candidates for the two tenure track positions, the search committee sought individuals who not only could teach, but also were demonstrating a strong commitment to maintaining a current ongoing creative or scholarly profile and who could teach a diverse range of courses. Bywaters appeared not to appreciate the difference between the duties of tenure track professors and lecturers.

Although Bywaters would originally have been precluded from applying for the new positions because they required a masters degree that he did not have, Dean Brandt removed that prerequisite so that Bywaters could apply. Bywaters applied for one of the new positions and was one of three finalists. Bywaters claims that during an interview with Dean Brandt in early April 2003,[1] she made a statement close in nature to the following: "at this stage of your career, you might not want to jump through all the hoops of a tenure-track position."

Bywaters failed to take the search committee interview process seriously, and his interview with the committee went badly. He made several inappropriate joking comments; he failed to identify the scholarly or creative work he would do in order to earn tenure, and instead asked the search committee to supply ideas for scholarly and creative work; and finally he threatened to sue the University during the formal interview process for age discrimination in the event he did not receive the new position. He later submitted letters of recommendation from larger donors in lieu of professional references. The search committee

---

[1] There is disagreement regarding the date of this conversation. The Court accepts Bywaters' claims for purposes of summary judgment.

viewed his threat of litigation and his use of donor references as an attempt to intimidate the committee, and it unanimously agreed not to consider Bywaters further. SMU subsequently hired Pamela Elder, then aged 56.

Bywaters filed suit in federal court on June 2, 2004, alleging violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.,* ("ADEA") the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, ("Civil Rights Act"), and Texas Labor Code § 21.051 ("TCHRA"). SMU now moves for summary judgment.

## II. BYWATERS HAS NOT RAISED A FACT ISSUE ON PRETEXT

Federal Rule 56(c) states that the party moving for summary judgment has the burden of showing that there is no genuine issue of fact and that it is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Harbor Ins. Co. v. Trammel Crow Co.*, 854 F.2d 94, 98 (5th Cir. 1988), cert. den. 489 U.S. 1054. In the summary judgment context the Court is to accept the nonmovant's evidence and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The burden-shifting analysis presented in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), applies to ADEA discrimination and retaliation claims when, as here, they

are based on circumstantial evidence. *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (ADEA retaliation); *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 384 (5th Cir. 2003) (ADEA age discrimination); *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000). Under this analysis, Bywaters must first show a prima facie case giving rise to the presumption that the employer acted with discriminatory intent. *Reeves*, 530 U.S. at 142. SMU can rebut this presumption by producing legitimate nondiscriminatory reasons for its actions. Once SMU does this, the presumption drops out of the case, and the only remaining question is whether the employer intentionally discriminated against the plaintiff. *Id.* at 142-43.

The Fifth Circuit has held that the Supreme Court's decision in *Desert Palace* altered the final step of the *McDonnell Douglas* test. *See Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004) (citing *Desert Palace, Inc. v. Costa*, 123 S. Ct. 2148, 2151 (2003)). In order to survive summary judgment under the modified *McDonnell Douglas* test, at the final step, Bywaters must offer sufficient evidence to create a genuine issue of fact that either: (1) SMU's reason is not true, but is instead a pretext for discrimination or (2) SMU's reason, though true, is only one of the reasons for its conduct and that another "motivating factor" is the plaintiff's protected characteristic. *Id. See also Machinchick v. PB Power, Inc.*, 398 F.3d 345, 352 (5th Cir. 2005).

Here, Bywaters failed to argue that discrimination was a motivating factor. The Court need not engage in the "mixed-motive" analysis explained in *Rachid* as Bywaters does not rely on that theory. *See Richardson*, 2005 U.S. App. LEXIS 28982, at *9-10; *see also Pool*

ORDER – PAGE 4

*v. US Investigation Servs.*, 3:04-CV-2332-M, 2005 U.S. Dist. LEXIS 31928, at *5 n.1 (N.D. Tex. Dec. 6, 2005) (Lynn, J.); *Walker v. Norris Cylinder Co.*, 3:03-CV-1009-D, 2005 U.S. Dist. LEXIS 20465, at *11 n.5 (N.D. Tex. Sept. 9, 2005) (Fitzwater, J.). Accordingly, assuming Bywaters has proven his prima facie case,[2] to survive summary judgment he must present evidence showing that SMU's proffered explanations were a mere pretext for discrimination and not worthy of credence.

Bywaters's claim fails on summary judgment as he did not provide evidence showing that SMU's proffered explanation was mere pretext. SMU has proffered an explanation that Bywaters was not the best qualified candidate and his interview behavior was unacceptable. To defeat summary judgment, Bywaters must produce probative evidence that the proffered reasons were a pretext for discrimination. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000).

Bywaters argues that two facts show SMU's reason was pretextual. First, Bywaters argues that significant difference in qualifications between Bywaters and the eventual hire,

---

[2]The Court here assumes that Bywaters has made his prima facie case. To establish a *prima facie* case for age discrimination, a Plaintiff must show that (1) he was not hired for a position; (2) he was qualified for the position; and (4) either (i) someone outside the protected class was hired for the position, (ii) someone substantially younger was hired for the position, or (iii) he was otherwise not hired because of his age. *Rachid v. Jack in the Box*, 376 F.3d 305, 312 (5th Cir. 2004). Bywaters may not have shown that he was qualified for a tenure track position, given the deficit in his past or planned scholarly or creative work. Likewise, he may not have met the last prong either as the eventual hire, Pamela Elder, is also within the protected class, is not substantially younger, and the choice between the two was not due to age. However, because Court can decide the motion for summary judgment without deciding whether Bywaters made his prima facie case, the Court does not pursue this avenue further.

Pamela Elder, was so substantial that the difference demonstrates SMU's claim to have chosen Elder based on qualifications was mere pretext for age bias. From the evidence presented, Bywaters and Elder had the following qualifications: (1) Bywaters received a Bachelor's Degree from Yale University in English, Elder received a Bachelor's Degree from Texas A&M in K-12 Education; (2) regarding graduate studies, Bywaters studied architecture at Rice University whereas Elder studied film at San Diego State University yet also received a Master of Arts from the University of Memphis (formerly Memphis State University) in Theater and Dance and did some additional film study at San Diego State University; (3) Bywaters had over twenty-five years of experience in the television industry, Elder had over thirty years of experience as a producer in the television industry;[3] (4) both received Emmy Awards, Bywaters also received a Peabody Award, the Golden Gavel Award from the American Bar Association, and a Cine Golden Eagle Award, whereas Elder received two Freddie Awards from the American Medical Association, a PRISM Award, and an award from the Alzheimer's Association; (6) Bywaters taught for six years of teaching as a contract lecturer in SMU's Division of Cinema-Television and had also taught one or two

---

[3]The Court notes that Elder not only had, in SMU's opinion, good creative ideas for what she wished to achieve at SMU, but also provided evidence of current significant accomplishments, both of which were important requirement for the tenure-track position. While Bywaters argues that Elder fabricated experience in her application and points to globally to a thirty-four page section of her deposition for support, he fails to identify any specific portion of the thirty-four pages that supports his argument on any particular point. Furthermore, Bywaters has not shown how Elder's alleged fabrication of experience demonstrates pretext on the part of SMU.

theater management courses at Yale University.[4] Elder had a year or two of teaching experience at Southeastern Louisiana University; and was an English student teacher for a semester at a high school.

Generally, the employer, not the judiciary, has the right to determine which of two applicants was the most qualified for a particular position, especially when neither of the credentials are overwhelmingly and incontrovertibly superior to the other. *See, e.g., Deines v. Tex. Dep't of Protective and Regulatory Srv.*, 164 F.3d 277, 280-81 (5th Cir. 1999); *see also Odom v. Frank*, 3 F.3d 839, 847 (5th Cir. 1993) (Plaintiff shows pretext only when applicant not hired for particular position has credentials so outstanding as to "leap from the record and cry out to all who would listen that he was vastly – or even clearly – more qualified for the subject [position].")  The difference in qualifications that Bywaters has listed fail to "leap from the record."  Both Bywaters and Elder have graduate school experience, worked in the television industry, and have won an Emmy amongst other awards. Accordingly, Bywaters has not shown the pretext sufficient to survive summary judgement based on qualifications.[5]

Bywaters next contends that Dean Brandt's alleged statement that "'at his age' he should not apply for [the tenure-track] position" shows SMU did not hire him for age reasons

---

[4]Bywaters also claims that he has been highly regarded in teacher evaluations.  The Defense has objected to this evidence.  Its inclusion would not change the Court's analysis.

[5]Even if the Court accepted this argument, it would not address SMU's alternative justification that Bywaters's behavior in the interview process was unacceptable.  An employer is entitled to weigh interview performance, as well as paper resume, in making hiring decisions.

ORDER – PAGE 7

as opposed to not hiring him because of qualifications issues. It appears Bywaters is referring to his deposition testimony where he testified that Dean Brandt once told him that "at this stage of your career, you might not want to jump through all the hoops of a tenure-track position." In order to raise a fact issue on pretext, Bywaters must offer evidence tending to show that SMU's proffered reasons for not hiring Bywaters – that he was not the best qualified candidate and his interview went badly – were false. Dean Brandt's alleged comment does not raise such an issue.[6]

First, the comment facially does not indicate the proffered reasons were false, i.e., that Bywaters was better qualified than Elder or that his interview with the committee went well. Second, the comment literally does not indicate age-related animus. It literally indicates a concern by Dean Brandt that Bywaters should be sure that he wanted to undertake the additional efforts required of a tenure track position. That concern appears to have been borne out by the interview, when Bywaters appeared unaware of the demands of a tenure track position and unprepared to meet those demands. Third, Bywaters's argument requires the Court to make a leap beyond the scope of the inferences normally drawn in favor of the nonmovant on summary judgment: Bywaters wants the Court to understand "*you* might not want to jump through all the hoops of a tenure-track position" as code for "*I* think you are too old to do the job."

---

[6]Bywaters's argument appears to be that Dean Brandt's comment is direct evidence of age-based animus, and thus shows SMU's proffered reasons are pretextual. If the comment were direct evidence of age-based animus, however, there would be no need to step through the *McDonnell Douglas* dance. Both sides have addressed the comment in the pretext context so the Court will do so as well.

ORDER – PAGE 8

The Court declines to make such a leap because rather then being a permissible inference, it is flatly contradicted by other summary judgment evidence. First, Bywaters would not have been eligible to apply for the position if Dean Brandt had not changed the requirements (eliminate the masters degree requirement) specifically so that Bywaters could apply. Second, Dean Brandt is the person who originally hired Bywaters to teach at SMU. *Cf. Faruki v. Parsons S.I.P., Inc.*, 123 F.3d 315, 321 (5th Cir. 1977) ("where the same actor hires and fires and employee, an inference that discrimination was not the employer's motive in terminating the employee is created"); *see also Morrison v. Weyerhaeuser Co.*, 119 Fed. Appx. 581, 586 (5th Cir. 2004). Third, Dean Brandt is the same age as Bywaters. *See Brown v. CSC Logic, Inc.*, 82 F.3d 651, 658 (5th Cir. 1996) ("The fact that the actor involved in both employment decisions is also a member of the same protected class only enhances this inference."). By the same logic here, the Court declines to take the leap and equate Dean Brandt's caution to Bywaters as code for age-based animus. Accordingly, Bywaters has failed to raise a fact issue on pretext and SMU is entitled to summary judgment on Bywaters's ADEA claims.

Because the Court evaluates age discrimination claims brought under the TCHRA in the same manner as age discrimination claims brought under the ADEA, the analysis remains the same for Bywaters' TCHRA claim. *Evans v. City of Houston*, 246 F.3d 344, 349 (5th Cir.

2001). Accordingly, the Court grants SMU's motion for summary judgment on the TCHRA claim.[7]

Signed February 3, 2006.

_____
David C. Godbey
United States District Judge

---

[7]Bywaters alleged a violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, however he did not raise an argument how it applied. Accordingly, the Court grants summary judgment on this claim as well.

ORDER – PAGE 10